UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MELVINA LAKE,

                     Plaintiff,

- against -

THE ROYSTER GROUP, INC.,

                     Defendant.

**MEMORANDUM**
**DECISION AND ORDER**

17 Civ. 2311 (BMC)(RER)

**COGAN**, District Judge.

*Pro se* plaintiff Melvina Lake brings this action against her former employer, The Royster Group, Inc., alleging that she was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order. For the reasons set forth below, the complaint is dismissed, and plaintiff is granted leave to amend her complaint within 20 days of the date of this Order.

## BACKGROUND

Plaintiff, a 64 year-old female, worked for defendant, a staffing company located in Atlanta, Georgia, as a "contracted temp" employee from March 30, 2015, to November 12, 2015. Plaintiff submitted an employment-discrimination form complaint that claims termination of employment, retaliation, and unlawful and unethical employment practices. Plaintiff checked off on the form complaint that she was discriminated on the basis of race, gender/sex, age, and perceived disability.

**DISCUSSION**

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of each claim against each defendant so that each defendant has adequate notice of the claims against him. See Iqbal, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); Ricciuti v. N.Y. City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments" the complaint suggests, Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–

2(a). The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Finally, similarly, the ADA protects an employee from discrimination on the basis of a disability within the meaning of the ADA.

"[A] discrimination complaint . . . must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted). Here, plaintiff has not pleaded any facts that would support any plausible inference of discrimination on the basis of any of her protected statuses.

Plaintiff states that she "suffered due to the constant incidents of harassment & discrimination inflicted by workplace co-workers influenced and encouraged by the employer." Yet plaintiff supplies no facts that could possibly connect any adverse employment action to even one of her alleged protected statuses. See Littlejohn v. City of N.Y., 795 F.3d 297, 311 n. 9 (2d Cir. 2015) ("The facts required by Iqbal to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."). In circuitous and repetitive fashion across several pages, plaintiff alleges discriminatory actions and harassment, but provides no specifics. Thus, the Court is left with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which do not meet any pleading standard, no matter the solicitude the Court must give to a *pro se* litigant. Iqbal, 556 U.S. at 678-79; Ahlers, 684 F.3d at 60.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's application for appointment of counsel is denied without prejudice. In light of plaintiff's *pro se* status, she is granted twenty (20) days leave from the date of this Order to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that her former employer discriminated against her in violation of Title VII, the ADEA, and the ADA. Plaintiff should attach a legible copy of the charge she filed with the EEOC, if available. However, plaintiff cannot rely on exhibits or other documents to replace a statement of claim.

Plaintiff is advised that the amended complaint will completely replace the original complaint and that she must title the document, "Amended Complaint," and include the same docket number as this Order, 17 Civ. 2311.

If plaintiff fails to comply with this Order within the time allowed, the Court shall enter judgment dismissing this action. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       April 26, 2017